# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CLIFTON DAY, *ET AL.*,

               Plaintiffs,                       Case No. 05-72677

v.                                       HONORABLE ARTHUR J. TARNOW
                                       UNITED STATES DISTRICT JUDGE

SAL AHMED, *ET AL.*,

                                       MAGISTRATE JUDGE
             Defendants.             VIRGINIA M. MORGAN

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR REINSTATEMENT OF ORIGINAL CASE AND/OR MOTION TO ALTER OR AMEND JUDGMENTS DUE TO NEW CASE LAW IN THE DECISION IN *JONES v. BOCK* [D/E # 62] & DENYING AS MOOT PLAINTIFFS' FOURTH MOTION TO APPOINT COUNSEL [D/E # 61]

On March 27, 2006, this Court entered an order adopting the Magistrate's Reports and Recommendations causing the entire case to be dismissed without prejudice for failure to exhaust numerous claims under *Jones Bey v. Johnson*. 407 F.3d 801 (6th Cir. 2005). The Court noted that although many of Plaintiffs' claims had been exhausted and included the proper documentation, other claims had supporting documentation that was incomplete.

In January 2007, the United States Supreme Court held that the Sixth Circuit's reversed the precedent of *Jones Bey* ruling that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints"; (2) "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances"; and (3) where the complaint contains both exhausted and

unexhausted, the district court should proceed with the exhausted claims while dismissing the unexhausted claims, rather than dismissing the complaint in its entirety." *Jones v. Bock*, 127 S. Ct. 910, 921, 923-25 (2007).

On February 14, 2007, Plaintiffs filed a Motion for Reinstatement of the Original Case and/or Motion to Alter or Amendment Judgments based on the Supreme Court ruling in *Jones v. Bock*, 127 S. Ct. 910 (2007) as well as a Motion to Appoint Counsel. There is no question this Court would have erred had it adopted the Magistrate's Report and Recommendation after *Jones v. Bock* was decided. Even though Plaintiffs included unexhausted claims and failed to demonstrate exhaustion on others, the decision in *Jones v. Bock* would have specifically prohibited dismissing the entire complaint and required this Court to only dismiss those claims that were unexhausted.

Plaintiffs request for relief fails to identify a source of legal authority for the relief sought but based on the language of the motion and the nature of the request for relief there appears to be two options, Federal Rule of Civil Procedure ["FRCP"] 59 and FRCP 60(b). Under FRCP 59, a motion to alter or amend judgment "shall be filed no later than 10 days after entry of judgment." Since Plaintiffs motion was not filed within ten days, there motion to alter or amend judgment is untimely.

Plaintiffs then presumably filed this motion pursuant to FRCP 60(b)(6) motion. Under FRCP 60(b)(60, a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment."

> [R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not

addressed by the first five numbered clauses of the Rule.

...

It is well established that a change in decisional law is usually not, by itself, an "extraordinary circumstance" meriting Rule 60(b)(6) relief. .... This principle holds even if a law is invalidated on state or federal constitutional grounds.

*Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)(citations and internal quotations omitted). This is especially true when a litigant fails to appeal the judgment. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)(parties not be able to use Rule 60(b)(6) motion as a substitute for an appeal).

District courts that have encountered similar situations as the one here after the *Jones v. Bock* decision have found that the circumstances do not warrant relief under FRCP 60(b)(6). In January 2005, the district court in *Smith v. Pennell* dismissed Plaintiff's action without prejudice for failure to exhaust by adopting the magistrate's report and recommendation. 2007 U.S. Dist. LEXIS 44979 (June 21, 2007). Plaintiff in *Smith* appealed but the case was later dismissed for want of prosecution. After *Bock* was decided, Plaintiff filed a Motion for Relief seeking to set aside the lack of exhaustion issue under FRCP 60(b)(6) *inter alia*. After citing Sixth Circuit law relating to FRCP 60(b)(6), the district court found that the case did not involve "extraordinary circumstances" warranting relief pursuant to FRCP 60(b)(6). The district court took particular note that Plaintiff had the opportunity to re-file his complaint.

Plaintiffs claims were dismissed without prejudice due to his failure to exhaust available administrative remedies; however, Plaintiff could have re-filed his Complaint in compliance with 42 U.S.C. § 1997e.

*Id*. at 5. *See also Edwards v Burnett*, 2007 U.S. Dist. LEXIS 43492 (June 15,

2007)(district court which had dismissed the case without prejudice for lack of exhaustion after adopting the magistrate's report and recommendation, denied Plaintiffs motion to reinstate the case in light of *Bock* based on the lack of "extraordinary circumstances" as defined by Sixth Circuit law).

In the present case, Plaintiffs present as the extraordinary circumstance the change in substantive law in *Bock*, which according to case law is not considered enough. Additionally, Plaintiffs not only failed to appeal and but were and still are allowed to re-file their case because the dismissal was without prejudice. Based on the case law on the definition of "extraordinary circumstances," the fact that the case was dismissed without prejudice similar to *Smith* and *Edwards*, and the fact that the case was not appealed,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Alter or Amend Judgments Due to New Case Law is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Fourth Motion to Appoint Counsel is **DENIED AS MOOT**.


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge


Dated: 7/16/07

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 16, 2007, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager